IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BILL D. RINGER, AS TRUSTEE OF THE SONNY HOWARD LIVING TRUST,<br>    Plaintiff,<br><br>v.<br><br>MASTERS TOUCH CUSTOM HOMES, LLC, MICHAEL AND MATT CUSTOM HOMES, INC., d/b/a MASTERS TOUCH CUSTOM HOMES, INC., MATTHEW BAILEY and MICHAEL GOTCHER,<br><br>    Defendants. | §§§§§§§§§§§§§§§§ 1:21-cv-705-RP |

## ORDER

Before the Court is Defendants Matthew Bailey's and Michael Gotcher's (together, "Defendants") motion for summary judgment, (Mot., Dkt. 48). Plaintiff Bill D. Ringer, as Trustee of the Sonny Howard Living Trust, ("Plaintiff") filed a response, (Dkt. 53), and Defendants filed a reply, (Dkt. 54). Having considered the parties' briefs, the record, and the relevant law, the Court will deny Defendants' motion.

### I. BACKGROUND

Plaintiff is the Trustee of the Sonny Howard Living Trust, a California entity. (First Amended Complaint ("Compl."), Dkt. 37, at 1). The Trust owns certain real property in Austin, Texas. (*Id.* at 2). In May 2018, on behalf of the Trust, Plaintiff entered a contract with Masters Touch Custom Homes, Inc. ("MTCH, Inc.") to serve as general contractor for the construction of a single-family residence at the property. (Affidavit of Matthew Bailey ("Bailey Aff."), Dkt. 48, at 54–55 ¶ 2). Shortly thereafter, in July 2018, the contract was assigned by mutual assent from MTCH, Inc. to Masters Touch Custom Homes, LLC ("MTCH, LLC"). (*Id.* at 55, ¶ 3). At all relevant times,

Defendants Matthew Bailey and Michael Gotcher were the owners, principal officers, and managing members of both MTCH, Inc. and MTCH, LLC. (*Id.* at 55, ¶ 4).

The contract was based on a modified form of residential-construction agreement published by the Texas Association of Builders. (Mot. Dkt. 48, at 21). As is typical, it contemplated that the general contractor would periodically submit payment requests to Plaintiff for the proportionate value of work installed to date, identifying the specific subcontractors and suppliers to be paid with those incremental funds. (Defs.' Second Amended Answer, Dkt. 44, at 3). It also prohibited the general contractor from allowing any liens or claims to be filed against the project if Plaintiff timely paid all valid draw requests. (*Id.*) Finally, the contract set forth various requirements regarding the performance and timing of construction work, licenses and permits, and insurance coverage. (*Id.*.). For reasons that remain in dispute, the project was not completed on time, and the contract was ultimately terminated by Plaintiff on May 28, 2021. (Bailey Aff., Dkt. 48, at 55 ¶ 9).

Plaintiff then filed this action alleging contractual breaches by one or both MTCH entities,[1] including for: failing to pay subcontractors and materialmen as required, failing to provide supporting documentation for draw requests, failing to timely complete the project, failing to maintain adequate insurance coverage, and failing to ensure the work product conformed with specified workmanship standards. (Compl., Dkt. 37, at 6–10). On these grounds, Plaintiff asserts claims for breach of contract and negligence against MTCH, Inc. and MTCH, LLC. (*Id.* at 11–13).

Relevant to this motion, Plaintiff also asserts a claim against all defendants, including Bailey and Gotcher, for misapplying construction trust funds in violation of Texas Property Code § 162, commonly known as the "Texas Construction Trust Fund Act" (herein, the "CTFA"). (*Id.* at 10–11). In support of that claim, Plaintiff alleges that Defendants, as owners and governing officers of the

---

[1] The parties dispute which of the MTCH entities was ultimately party to the contract following assignment, but that issue is not relevant to the instant motion.

general contractor, exercised control or direction over trust funds paid by Plaintiff, and that they "intentionally, knowingly and/or with intent to defraud, directly or indirectly retained, used, disbursed and/or otherwise diverted trust funds without first fully paying all current and/or past due obligations to its subcontractors and/or materialmen," in violation of the act. (*Id.* at 36–37) (citing Tex. Prop. Code § 162.031). On March 24, 2023, Defendants filed the instant motion for summary judgment. (Mot., Dkt. 48).

## II.  LEGAL STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he moving party may [also] meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). After the nonmovant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal,* 230 F.3d

170, 175 (5th Cir. 2000). Courts must view the summary judgment evidence in the light most favorable to the nonmovant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## III.   DISCUSSION

As noted, Plaintiff's sole claim against Defendants Bailey and Gotcher is for misapplying trust funds under CTFA in their capacities as owners of the MTCH entities. Defendants contend that "there are no fact issues to be decided" regarding the claims against them, and that they are entitled to summary judgment as a matter of law because Texas corporation law shields them from individual liability under the CTFA. (Mot., Dkt. 48, at 4).

### A.   Texas Construction Trust Funds Act

The purpose of the CTFA is to protect unpaid subcontractors and materialmen when contractors or subcontractors refuse to pay them for labor and materials. *See Fuller v. Le Brun*, 616 S.W.3d 31, 40 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). Accordingly, the Act "imposes fiduciary responsibilities on contractors to ensure subcontractors, mechanics, and materialmen are paid for the work they complete." *Id.* at 39. Payments made to a contractor under a construction contract for the improvement of real property are considered trust funds. Tex. Prop. Code § 162.001(a). "A contractor, subcontractor, or owner or an officer, director, or agent of a contractor, subcontractor, or owner, who receives trust funds or who has control or direction of trust funds, is a trustee of the trust funds." *Id.* at § 162.002. A property owner is a beneficiary of trust funds paid in connection with a residential contract. *Id.* at § 162.003(b).

A trustee who misapplies trust funds under the CTFA is subject to civil liability to trust-fund beneficiaries whom the Act was designed to protect. *See C & G, Inc. v. Jones*, 165 S.W.3d 450, 454 (Tex. App.—Dallas 2005, pet. denied). A trustee misapplies funds if it "intentionally or knowingly or with intent to defraud, directly or indirectly retains, uses, disburses, or otherwise diverts trust funds

without first fully paying all current or past due obligations incurred by the trustee to the beneficiaries of the trust fund." *Id.* § 162.031(a).

### B. Individual Liability under the CTFA

In support of their motion for summary judgment, Defendants rely solely on the proposition that individual owners and officers are generally shielded from a corporation's obligations, absent exceptional circumstances that justify "piercing" the corporate veil. (Mot., Dkt. 48, at 4–5).

Section 21.223 of the Texas Business Organizations Code ("TBOC") is the Texas corporate veil piercing statute. *See Thomas v. Hughes*, 27 F.4th 995, 1016 (5th Cir. 2022) (recognizing that "§ 21.223 preempts common law veil piercing"). Under that statute, corporate owners are shielded from "any contractual obligation of the corporation or any matter relating to or arising from the obligation" unless a plaintiff can first show: (1) the individual used the corporate form to "perpetrate actual fraud," and (2) the fraud was perpetrated "primarily for the [individual's] direct personal benefit." Tex. Bus. Orgs. Code § 21.223(a)-(b); *see also Tryco Enterprises, Inc.*, 390 S.W.3d at 508; *Ocram, Inc. v. Bartosh*, No. 01-11-00793-CV, 2012 WL 4740859, at *3 (Tex. App.—Houston [1st Dist.] Oct. 4, 2012, no pet.). The same protections apply to managers and members of a limited liability company. Tex. Bus. Orgs. Code § 101.002.

As Defendants point out, TBOC provides that this statutory protection for corporate owners "is exclusive and preempts any other liability imposed for that obligation under common law or otherwise," including against claims of corporate "fraud or any similar theory." (Mot., Dkt. 48, at 16–17 (citing Tex. Bus. Orgs. Code § 21.224)). And, because a claim for misappropriating trust funds under the CTFA sounds in fraud, Defendants argue that any basis for individual liability under the CTFA is "preempted" by the protections set out in the TBOC. (*Id.* at 16). On this basis, Defendants assert that, as a prerequisite to a finding of liability under the CTFA, Plaintiff must first establish grounds to pierce MTCH LLC's and MTCH Inc.'s corporate veil under TBOC § 21.223.

5

And, because Plaintiff hasn't alleged or presented evidence that either Brailey or Gotcher committed an "actual fraud" that was primarily for their own "direct personal benefit," Defendants argue the claims against them fail as a matter of law. (Mot., Dkt. 48, at 16).

The Court rejects the argument that Plaintiff must pierce the corporate veils of the MTCH defendants to prevail on his claims against Bailey or Gotcher. Defendants are correct that a corporation's owners and officers (or an LLC's managers and members) are usually shielded from individual liability on the entity's debts absent a finding that they used the corporate form to perpetrate an "actual fraud . . . primarily for [their own] direct personal benefit." Tex. Bus. Orgs. Code § 21.223(b). But this protection does not apply to causes of action brought under statutes that specifically provide for individual liability based on corporate acts. The TBOC itself forecloses Defendants' argument by stating that Section 21.223 "does not limit the obligation" of a corporate entity's owner "if that person . . . *is otherwise liable* to the obligee for the obligation under this code *or other applicable statute*." *Id.* § 21.225 (emphases added).

In other words, if a separate statutory basis exists to hold a corporate officer or owner liable for the company's acts, the corporate veil-piercing requirements set forth in Section 21.223 are inapplicable. *See, e.g.*, *TecLogistics, Inc. v. Dresser–Rand Group, Inc.*, 527 S.W.3d 589, 601 (Tex. App–Houston [14th Dist.] 2017, no pet.) (explaining in dicta that even if § 21.223 bars liability that might otherwise be imposed under the common law, the statute provides no protection from liability imposed by another statute). The CTFA is such a statute. It specifically provides for the individual liability of a company's officers and directors, as those persons are independently charged with duties of a trustee. The Act expressly defines "trustee" to include a "contractor, subcontractor, or *owner or an officer, director, or agent* of a contractor, subcontractor, or owner, who receives trust funds or who has control or direction of trust funds." Tex. Prop. Code § 162.002 (emphasis added). Defendants cite no authority for the proposition that a plaintiff is required to satisfy the corporate

6

veil-piercing statute before prevailing on a claim against a trustee's individual officers under the CTFA. To the contrary, courts have routinely held that "[a]ny officer or director who has control or direction over the funds is also a trustee of the funds and is, therefore, personally liable" for their misapplication. *C&G, Inc. v. Jones*, 165 S.W.3d 450, 453–54 (Tex. App.—Dallas 2005, pet. denied); *see also Dealers Elec. Supply Co. v. Scroggins Const. Co., Inc.*, 292 S.W.3d 650, 657 (Tex. 2009) ("A party who misapplies trust funds under the Trust Fund Act is subject to civil liability to trust-fund beneficiaries whom the Act was designed to protect.").

Here, Bailey and Gotcher do not dispute that: (1) they "were the Managing Members, Governing Persons, and owners" of both MTCH entities, (Bailey Aff., Dkt. 48, at 55 ¶ 4); (2) that Plaintiff contracted with MTCH Inc. to act as general contractor for the project before assigning that contract to MTCH, LLC, (*id.* at ¶¶ 5, 7); and (3) that MTCH, LLC received and directed the use of funds paid by Plaintiff in connection with the project, (*id.* ¶¶ 5, 7). Defendants cite no evidence in the record disproving Plaintiff's contention that they had control or direction over the trust funds, (*see* Pl.'s. Second Supp. Interrogatory Responses, Dkt. 48, at 64). Thus, Defendants have not conclusively disproven that they are each an "owner or an officer . . . of a contractor . . . who receives trust funds or who has control or direction of trust funds," (Tex. Prop. Code § 162.002), and thus susceptible to direct liability under the CTFA.

In sum, the Court finds Defendants' legal argument to be without merit, and Defendants have not otherwise demonstrated any lack of factual dispute that would entitle them to judgment as to Plaintiff's CTFA claims. Accordingly, those claims should proceed to trial.[2]

---

[2] In responding to Defendants' motion, Plaintiff objects to paragraph 2, and portions of paragraphs 8 and 9, of Matthew Bailey's Affidavit. (Pl.'s Resp., Dkt. 53, at 3). Because the Court does not consider those portions of Mr. Bailey's affidavit as relevant to the resolution of Defendants' motion for summary judgment, those objections are moot and may be reasserted as appropriate during trial.

### C. Additional Arguments Made on Reply

In their reply brief, Bailey and Gotcher argue for the first time that they are also entitled to judgment because Plaintiff has not submitted evidence supporting required elements of his CTFA claim. Specifically, they argue that: (1) there is no evidence that Bailey and Gotcher qualify as "trustees" for purposes of the CTFA; and (2) Plaintiff has not disputed Defendants' evidence (contained in the affidavit of Mr. Bailey) that the trust funds were in fact used to pay subcontractors on the project. (Reply, Dkt. 54, at 5–6 (citing Bailey Aff. at ¶ 6–7)). Relatedly, Defendants argue that Mr. Bailey's affidavit testimony entitles them to judgment on their sixth affirmative defense. (*See* Sec. Am. Answer, Dkt. 44, at 6 (generally pleading "the affirmative defense provisions of Tex. Prop. Code Ann. § 162.031(b)")).

The Court does not consider arguments raised for the first time in a reply brief. *See Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs."). Therefore, these newly asserted arguments are waived and may be reasserted at trial.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Defendants Matthew Bailey's and Michael Gotcher's motion for summary judgment, (Dkt. 48), is **DENIED**.

**SIGNED** on August 30, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE